**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CARTIER GRAY,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTA AUTOS,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 25-5983 (KMW-SAK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Cartier Gray's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1-2) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he has a monthly income of $38.00 and no expenses. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court **GRANTS** the IFP application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

Plaintiff commenced this action against Defendant Atlanta Autos (ECF No. 1) on May 28, 2025, alleging violations of "the Bill of Exchange Act," the Uniform Commercial Code ("U.C.C."), and breach of contract under New Jersey law. (ECF No. 1 at 1-3.) Plaintiff alleges that he entered into a purchase agreement with Defendant for a 2022 Dodge Challenger in the amount of $89,583.96. (Compl. ¶ 8, ECF No. 1.) Plaintiff concedes that he received the Bill of Sale without payment completed, "leaving the balance to be paid in full." (*Id.* ¶ 9, Ex. A.) Plaintiff alleges that he performed the contract by "tendering payment through a completed Bill of Exchange pursuant to the Bill of Exchange Act" and supported by the U.C.C. (*Id.* ¶ 10.) Plaintiff alleges that he endorsed the "Bill of Exchange" by writing: "Accepted for Deposit," "Pay to the order of the bearer," and "Pay on demand," along with the full written value of the vehicle. (*Id.* ¶ 11.) Plaintiff alleges that he mailed three separate "Notices of Tender and Payment Instructions" instructing Defendant to either accept and perform or reject the alleged payment in writing within three business days. (*Id.* ¶ 12.) Plaintiff's notices stated that Defendant's failure to respond would constitute "acceptance by acquiescence." (*Id.* ¶ 13.) Plaintiff asserts that Defendant's "silence in the face of clear and valid performance constitutes a dishonor and breach of contract." (*Id.* ¶ 17.)

While courts are obliged "to liberally construe a *pro se* litigant's pleadings," *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). To establish a breach of contract claim under New Jersey law, "a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Red Roof*

2

*Franchising, LLC v. Patel*, 877 F. Supp. 2d 124, 131 (D.N.J. 2012), *aff'd*, 564 F. App'x 685 (3d Cir. 2014). "Bedrock case law instructs that '[a] contract is an agreement resulting in obligation enforceable at law.'" *Goldfarb v. Solimine*, 245 N.J. 326, 339 (2021) (quoting *Borough of West Caldwell v. Borough of Caldwell*, 26 N.J. 9, 24 (1958)). "[T]he basic features of a contract" are "offer, acceptance, consideration, and performance by both parties." *Id.* (quoting *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 439 (2013)). "A contract arises from offer and acceptance, and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" *Id.* (quoting *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992)).

Courts have repeatedly noted that the Bill of Exchange Act is not a law of the United States but of the United Kingdom. *See In re Kirschenbaum's Est.*, 44 N.J. Super. 391, 398 (App. Div. 1957); *see also Buckley v. T-Mobile, USA Inc.*, No. CV 24-4229, 2024 WL 4008751, at *3 (E.D. Pa. Aug. 29, 2024) (finding the Bill of Exchange Act "does not provide a federal cause of action and the United Kingdom law has 'no application' in the United States."). "A Bill of Exchange is a negotiable instrument evidencing a debt on the part of the acceptor." *Nikimiha Sec. Ltd. v. Trend Grp. Ltd.*, 646 F. Supp. 1211, 1216–17 (E.D. Pa. 1986) (citing 4 Halsbury's Laws of England ¶ 356 (4th Ed. 1973)). "In other circumstances, a bill of exchange is certainly a valid financial instrument, often used to keep track of debt in international trade." *Harp v. Police & Fire Fed. Credit Union*, No. 23-2577, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023). However, courts in this District and the Third Circuit have repeatedly found that a purported bill of exchange does not constitute valid legal tender. *See Wallace v. Sallie Mae Bank*, No. 23-22600, 2024 WL 3409445, at *3 (D.N.J. July 15, 2024) (rejecting *pro se* litigant's "assumption that [a] check labeled "Bill of Exchange" is an instrument sufficient to discharge a student loan."); *see also Harp*, 2023 WL 5152625, at *3 ("[R]ather than a legally enforceable document noting an existing debt . . . [the

plaintiff] simply handwrote an array of financial buzzwords on her credit card statement and tried to pass this off to [the defendant] as valid legal tender for *her* credit card debt. This is not a valid financial instrument, and other courts nationwide have rejected such 'frivolous' attempts to satisfy a debt through a fictitious 'bill of exchange.'").

Similarly, here, Plaintiff's claims are predicated on his erroneous assumption that his purported "Bill of Exchange" is valid legal instrument sufficient to discharge his obligation to pay Defendant in the amount of $89,583.96. *See Wallace*, 2024 WL 3409445, at *3; *Harp*, 2023 WL 5152625, at *3. Moreover, contrary to Plaintiff's assertions, Defendant's lack of response to Plaintiff's "Notices of Tender" did not constitute acceptance of Plaintiff's purported Bill of Exchange as legal tender nor give rise to a claim against Defendant for breach of contract. *See Red Roof Franchising, LLC*, 877 F. Supp. 2d at 131; *Goldfarb*, 245 N.J. at 339. Consequently, Plaintiff's claim for breach of contract fails as a matter of law.

Therefore,

IT IS HEREBY on this 4 day of **August**, 2025

**ORDERED** that Plaintiff's IFP Application (ECF No. 1-2) is **GRANTED**; and further

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE